**RECORD NO. 13-4956**

In The
# United States Court of Appeals
For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

# WILLIAM DEAN CHAPMAN,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

## PETITION FOR REHEARING AND REHEARING *EN BANC*

**April E. Fearnley**
**FEARNLEY LAW PLLC**
**8230 Old Courthouse Road, Suite 305**
**Vienna, Virginia  22182**
**(703) 967-9094**

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

I. The Defendant Received No Warning About the Dangers of Self-Representation Regarding his Waiver of Counsel……..…………1

II. This Court's Requirement for Judicial Inquiry into Waiver of Counsel is Less Stringent than the Waiver of Counsel Requirements of Several Other Circuits……………………………….9

Conclusion………………………………………………...………..11

## TABLE OF AUTHORITIES

Page

United States v. Ash, 413 U.S. 300…………………………………....6

United States v. Bailey, 675 F.2d 1292 (D.C. Cir. 1982)
    cert. denied, Walker v. United States, 459 U.S. 853 (1982)………..…10

Buhl v. Cooksey, 233 F.3d 783 (3d Cir. 2000)
    cert. denied, 484 U.S. 980 (1987)……..……………..………………9

Bullock v. Thompson, 1992 U.S. App. LEXIS 14547 (4th Cir. June 22,
    1992), cert. denied, 506 U.S. 1003 (1992)……………….…….…..4

United States v. Crawley, 529 F.2d 1066 (3d Cir. 1976)
    cert. denied, 425 U.S. 995 (1976)………………….………………7

United States v. Davis, 239 F.3d 283 (2d Cir. 2001)………………………7

Faretta v. California, 422 U.S. 806 (1975)………….…………………..10

United States v. Gallop, 838 F.2d 105 (4th Cir. 1988)
    cert. denied, 487 U.S. 1211 (1988) ………………….………………4

United States v. Garrett, 90 F.3d 210 (7th Cir. 1996)………………………7

Iowa v. Tovar, 541 U.S. 77 (2004)………….….…………....1, 6, 7, 8

Johnson v Zerbst, 304 U.S. 458 (1938)…………………………………..1

United States v. Joslin, 434 F.2d 526 (D.C. Cir. 1970)……………………..7

United States v. King, 582 F.2d 888 (4th Cir. 1978)………………1, 2, 3, 7

United States v. McDowell, 814 F.2d 245 (6th Cir. 1987)………………9-10

Miranda v. Arizona, 384 U.S. 436 (1966)………………………………..6

Patterson v. Illinois, 487 U.S. 285 (1988)……………….…………….6, 7

United States v. Sanchez-Barreto, 93 F. 3d 17 (1st Cir. 1996)
    cert. denied, Arroyo-Reyes v. United States, 519 U.S. 1068 (1997)...7

United States v. Silkwood, 893 F.2d 245 (10th Cir. 1989)
    cert. denied, 496 U.S. 908 (1990)……………………………………….8

Spates v. Clarke, 547 Fed. Appx. 289 (4th Cir. 2013)………………………4

United States v. Venable, 373 Fed. Appx. 402 (4th Cir. 2010)……………..3

United States v. West, 877 F.2d 281 (4th Cir. 1989)
    cert. denied, 493 U.S. 959 (1989) ……….……………………….3

STATEMENT OF PURPOSE

Appellant seeks rehearing and *en banc* review because 1) the Court overlooked a material factual and legal matter relating to the waiver of counsel inquiry – that the defendant received no warning about the dangers of self-representation; and 2) because the standard used to review the waiver of counsel by this Court conflicts with the more stringent standards used to review the waiver of counsel used by the Third, Sixth, Tenth and D.C. Circuits.

ARGUMENT

I.  The Defendant Received No Warning About the Dangers of Self-Representation Regarding his Waiver of Counsel

This Court requires that a defendant be warned of the dangers of self-representation. See United States v. King, 582 F.2d 888, 890 (4th Cir. 1978). In the unpublished opinion in this case, this Court cited King and stated, "This circuit holds that no particular interrogation of the defendant is required, *so long as the court warns the defendant of the dangers of self representation so that he makes his choice with his eyes open*." See Doc. 32 at 2-3 (emphasis added). This Court noted that the determination of an intelligent waiver of the right to counsel depends on the particular facts and circumstances of the case, including the background, education, sophistication, experience, conduct of the accused, and stage of the proceeding. See

1

Doc. 32 at 2 (citing <u>Johnson v Zerbst</u>, 304 U.S. 458 (1938) and <u>Iowa v. Tovar</u>, 541 U.S. 77, 88 (2004)).

However, after noting the two aspects of the waiver inquiry – (1) the requirement for a judicial warning about self-representation, and (2) the evaluation of particular factors such as background and education in considering the intelligence of the waiver, this Court evaluated only the second aspect of the waiver inquiry.  This Court did not address the fact that no judicial warning was given to Chapman at all about the dangers of self-representation and how this does not abide by the mandate in <u>King</u> that a warning be given.  Instead, this Court noted Chapman's "educational background and work experience, the district court's familiarity with the motion to withdraw," and "Chapman's knowledge regarding the legal standard for a motion to withdraw a plea."  <u>See</u> Doc. 32 at 3.  This Court emphasized also that it did not think there was much "risk of complex legal issues" in the motion to withdraw.  <u>See</u> Doc. 32 at 3.

However, no matter how well educated a person in matters other than law (in this case the education related to finance), the requirement of a warning about the dangers of self-representation is exceptionally important.  Even if a defendant is talented, educated, and well-versed in finance, mathematics, science, or foreign languages, the requirement of a judicial warning about the dangers of self-

2

representation should serve as a pause for a defendant to realize that there are downsides to self-representation, and to allow that person to reconsider taking that route.

In this case, there was no warning whatsoever given to the defendant about representing himself. This is even more alarming given that Chapman had told the trial court that he did not want to be unrepresented. JA 367. Despite that glaring red flag, the trial court only inquired into the waiver of counsel based upon the government's suggestion, and the inquiry related only to the number of attorneys who had previously assisted Chapman. The failure to provide any warning at all is a factual issue that this Court overlooked in its decision. See, e.g., King, 582 F.2d 888 at 889 (the judge "engaged in a lengthy colloquy with King in an attempt to dissuade him from self-representation. He warned King of the seriousness of the charges, the potential penalty, the advantages of legal training and the likelihood of complex legal issues arising at trial"); United States v. West, 877 F.2d 281, 286 (4th Cir. 1989), cert. denied, 493 U.S. 959 (1989) (waiver of counsel knowing and intelligent after district court "thoroughly appris[ed] him of the dangers and disadvantages of self-representation"); United States v. Venable, 373 Fed. Appx. 402, 406 (4th Cir. 2010) (reversible error when no warning was given about the dangers of proceeding to trial without counsel and defendant stated that he did not

3

want to represent himself); Spates v. Clarke, 547 Fed. Appx. 289, 295 (4th Cir. 2013) (warning of dangers and disadvantages of self-representation sufficient where trial court warned defendant about legal issues at trial "that lawyers go to law school and gain experience in to learn," that representing himself was "probably the most unwise thing he could do," and that he would have to make objections, pick a jury, and know what lawyers know); Bullock v. Thompson, 1992 U.S. App. LEXIS 14547, at *4 (4th Cir. June 22, 1992), cert. denied, 506 U.S. 1003 (1992) (the court "carefully and at length warned appellant about the pitfalls of self-representation in a felony case"); But see United States v. Gallop, 838 F.2d 105, 110-111 (4th Cir. 1988), cert. denied, 487 U.S. 1211 (1988) (failure by trial court to inquire into voluntariness of waiver or discuss dangers of self-representation not reversible error where defendant was rejecting counsel for purposes of delaying trial).[1]

To be clear, in Chapman's case, there was never an unequivocal request to represent himself *pro se*. Rather, Chapman stated that he did not want to be unrepresented, but added that he wanted the arguments to be heard about the motion to withdraw the plea. JA 167. Given that his counsel was not prepared to argue the motion and had told the court that Chapman would argue the motion himself,

---

[1] In this case, there was no evidence that Chapman was in any way trying to delay proceedings. Chapman had hired a private attorney (and the court appointed

4

Chapman should have received some warning about the danger of self-representation when the judge inquired into Chapman's *pro se* status. Had that colloquy taken place, it would have become clear that defense counsel was not prepared to argue that motion, and Chapman could either have obtained a continuance (for counsel to prepare) or the appointment of new counsel.[2]

Although this Circuit stated in its opinion that the "stage of the proceeding" weighed in its decision about whether Chapman knowingly and voluntarily waived his right to counsel, a motion to withdraw a plea is a significant stage of criminal litigation that implicates a number of trial and sentencing issues that necessitates assistance of counsel. If a motion to withdraw the plea is granted and a trial ensues, a defendant can be confronted with sworn statements from a prior plea agreement or plea colloquy if testifying at trial. This is especially significant in a case such as this where the defendant had no criminal history, was educated, and was likely to testify. A plea withdrawal can also lead to harsher penalties should convictions occur at trial on additional counts or on counts with greater penalties. Moreover, the mere effort to withdraw a plea can lead to stiffer sentences by a judge who

---

attorneys withdrew). Those were the only attorneys of record.

[2] With no legal training, Chapman did not know that when the court asked to hear from the government, that he would not be permitted to speak again. He had several additional points to discuss with the court that went unheard.

5

denies the motion and considers acceptance of responsibility to have been nullified by the attempt to withdraw the plea. As such, the stage of proceedings did not lessen the significant legal issues that required advice by counsel. Moreover, this Court's statement that complex legal issues were not likely to arise at the motion to withdraw the plea hearing contradicts the fact that two of the factors relating to a motion to withdraw a guilty plea, actual innocence and ineffective assistance of counsel, are complex issues in and of themselves in a multi-million dollar fraud case based upon complex financial transactions.

The Supreme Court has made clear that a plea hearing is a "critical stage" of litigation to which a defendant facing incarceration has the right to counsel. See Iowa v. Tovar, 541 U.S. 77, 80-81 (2004). The Supreme Court has also clarified that at certain pre-trial proceedings, such as a pre-trial Miranda[3] interrogation by police and a prosecutor, that Miranda warnings suffice to advise a defendant that making statements without the presence of an attorney could damage his defense. See Patterson v. Illinois, 487 U.S. 285, 293 (1988). The Supreme Court has clarified that various proceedings in a criminal case align along a spectrum, and that at one end of the spectrum, post indictment photographic display identification, does not require counsel because the procedure is not one where the accused

6

requires aid "in coping with legal problems or assistance in meeting an adversary." See Patterson, 487 U.S. at 298 (citing United States v. Ash, 413 U.S. 300, 313-320 (1973)). "At the other extreme, recognizing the enormous importance and role that an attorney plays at a criminal trial," the Supreme Court has "imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial." Patterson, 487 U.S. at 289. The First, Second, Third, Seventh, and D.C. Circuits have held that a plea withdrawal hearing is a critical stage of a criminal proceeding. See Appellant's Reply Brief at 9-10 (citing United States v. Sanchez-Barreto, 93 F. 3d 17, 20 (1st Cir. 1996), cert. denied, Arroyo-Reyes v. United States, 519 U.S. 1068 (1997); United States v. Davis, 239 F.3d 283, 286 (2d Cir. 2001); United States v. Crawley, 529 F.2d 1066, 1069 (3d Cir. 1976), cert. denied, 425 U.S. 995 (1976); United States v. Garrett, 90 F.3d 210, 212 (7th Cir. 1996); United States v. Joslin, 434 F.2d 526, 530 (D.C. Cir. 1970)). In Tovar, 541 U.S. at 92-93, the Supreme Court held that in a collateral attack on an uncounseled conviction, where it is the defendant's burden to show he did not intelligently waive his right to counsel, two particular warnings given by the Iowa Supreme Court were not required at a plea hearing because he did not claim that he did not understand

---

3 Miranda v. Arizona, 384 U.S. 436 (1966).

the charge or the range of punishment for a simple charge of operating a motor vehicle under the influence of alcohol, he had not articulated with precision what information counsel could have added, or that he was unaware that he had a right to counsel. In such a "straightforward" case, "the two admonitions of the Iowa Supreme Court" were "not required by the Federal Constitution." Id. at 93.

There is no authority for the proposition that the motion to withdraw a plea stage of litigation is somehow less critical than the actual plea hearing, or that in a complex case such as this with significant issues relating to trial and sentencing arising from a decision to withdraw a guilty plea, that a sincere warning on the part of the Court about self-representation as advanced by King should not have been required. Unlike Tovar, significant issues were implicated in the withdrawal decision and the sentencing ramifications were much more severe – 2 days incarceration in Tovar, and 12 years and over $34 million in fines for Chapman.[4] Moreover, the error relating to the waiver of counsel issue in this case relates only to the opportunity for Chapman to have a plea withdrawal hearing with the assistance of counsel.

---

[4] In fact, the government had filed a 34 page filing including attachments relating to

8

II. This Court's Requirement for Judicial Inquiry into Waiver of Counsel is Less Stringent than the Waiver of Counsel Requirements of Several Other Circuits

This Court's standard for reviewing whether a waiver of counsel is knowing and voluntary conflicts with the standards used by several other circuits. The relaxed standard used by this court, which requires no particular inquiry by the trial judge, other than to ensure that a defendant is warned so that he enters into self-representation with his eyes "wide open" conflicts with the standards used by other circuits which require more stringent inquiries. The Third, Tenth, Sixth and D.C. Circuits require more stringent inquiries. The Tenth Circuit inquires to ensure that the waiver of counsel is not due to the unpreparedness of counsel. In United States v. Silkwood, 893 F.2d 245, 248 (10th Cir. 1989), cert. denied, 496 U.S. 908 (1990), the Tenth Circuit stated that, "For the waiver to be voluntary, the trial court must inquire into the reasons for the defendant's dissatisfaction with counsel to ensure that the defendant is not exercising a choice between incompetent or unprepared counsel and appearing *pro se*." This is exactly what occurred in Chapman's case. Chapman's attorney was not prepared to argue the motion to withdraw the plea.

The Third Circuit is similarly concerned that self-representation be an active choice. In Buhl v. Cooksey, 233 F.3d 783, 790 (3d Cir. 2000), cert. denied, 484

---

the motion to withdraw the plea. Chapman was only given a copy at the hearing

9

U.S. 980 (1987), the Third Circuit stated that "Courts must indulge every reasonable presumption against waiver of counsel.  In order to overcome this presumption, and conduct his/her own defense, a defendant must clearly and unequivocally ask to proceed *pro se*."  In Chapman's case, Chapman had told the trial court that he did not want to be unrepresented.

      The Sixth Circuit and D.C. Circuits require a particularized inquiry into the dangers of self representation on the record.  The Sixth Circuit stated, "whenever a federal district judge in this circuit is faced with an accused who wishes to represent himself in criminal proceedings, the model inquiry or one covering the same substantive points along with an express finding that the accused has made a knowing and voluntary waiver of counsel, shall be made on the record prior to allowing the accused to represent himself."  See United States v. McDowell, 814 F.2d 245, 250 (6th Cir. 1987).  The D.C. Circuit similarly exercised its supervisory power over the administration of criminal justice in its circuit and required the district court to "make clear on the record the awareness by defendants of the dangers and disadvantages of self-representation as to which the Supreme Court in

---

and given 28 minutes to review it, less than one minute per page.  JA 364.

Faretta[5] has voiced its concern." See United States v. Bailey, 675 F.2d 1292, 1300 (D.C. Cir. 1982), cert. denied, Walker v. United States, 459 U.S. 853 (1982).

## Conclusion

In conclusion, the failure by the trial court to provide any warning about the dangers of self-representation was not addressed by this Court in its opinion. Moreover, the minimal requirement of a warning is less than what is required by a number of sister circuits which require a more particularized inquiry for the waiver of counsel.

Respectfully submitted,

/s/ April E. Fearnley
April E. Fearnley, Esq.
VA Bar # 85292
8230 Old Courthouse Rd.
Suite 305
Vienna, VA 22182
(703) 967-9094

---

[5] Faretta v. California, 422 U.S. 806 (1975).

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2014, I caused this Petition for Rehearing and Rehearing *En Banc* of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Chad Golder
OFFICE OF THE U.S. ATTORNEY
2100 Jamieson Avenue
Alexandria, Virginia  22314
(703) 299-3806

*Counsel for Appellee*

/s/ April E. Fearnley
*Counsel for Appellant*